JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

ONNI SOUTH HILL, LP,

　　　　　　　Plaintiff,

　　v.

LOUIS ANGEL,

　　　　　　　Defendant.

Case No. CV 22-00667-MCS (RAO)

ORDER REMANDING ACTION AND DENYING APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS

I.

FACTUAL BACKGROUND

On or about August 18, 2021, Plaintiff Onni South Hill, LP, filed an unlawful detainer action in Los Angeles County Superior Court against Defendant Louis Angel. *See* Dkt. No. 1 ("Notice of Removal") at 5-11.[1] Defendant is assertedly the occupant of real property owned by Plaintiff and located in Los Angeles, California. *Id.* at 7-8. Plaintiff alleges that Defendant has failed to comply after being served a three-day notice to quit. *Id.* at 8.

\\\

---

[1] For the sake of clarity, the Court refers to the page numbers inserted by the Electronic Case Filing system.

1   Defendant filed a Notice of Removal on January 31, 2022, invoking the
2   Court's federal question jurisdiction. *Id.* at 2. Defendant also filed an application to
3   proceed without prepaying fees or costs. Dkt. No. 3.

4                                        **II.**

5                                   **DISCUSSION**

6          Federal courts are courts of limited jurisdiction, having subject matter
7   jurisdiction only over matters authorized by the Constitution and statute. *See, e.g.,*
8   *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed.
9   2d 391 (1994). It is this Court's duty always to examine its own subject matter
10  jurisdiction, *see Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514, 126 S. Ct. 1235, 163 L.
11  Ed. 2d 1097 (2006), and the Court may remand a case summarily if there is an
12  obvious jurisdictional issue. *Cf. Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*, 336
13  F.3d 982, 985 (9th Cir. 2003) ("While a party is entitled to notice and an opportunity
14  to respond when a court contemplates dismissing a claim on the merits, it is not so
15  when the dismissal is for lack of subject matter jurisdiction.") (omitting internal
16  citations). A defendant attempting to remove an action from state to federal court
17  bears the burden of proving that jurisdiction exists. *See Scott v. Breeland*, 792 F.2d
18  925, 927 (9th Cir. 1986). Further, a "strong presumption" against removal
19  jurisdiction exists. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992).

20         Defendant asserts that this Court has subject matter jurisdiction pursuant to
21  28 U.S.C. §§ 1331 and 1441 because the action "originally could have been filed in
22  this Court[.]" Notice of Removal at 2. Section 1441 provides, in relevant part, that
23  a defendant may remove to federal court a civil action in state court of which the
24  federal court has original jurisdiction. *See* 28 U.S.C. § 1441(a). Section 1331
25  provides that federal "district courts shall have original jurisdiction of all civil actions
26  arising under the Constitution, laws, or treaties of the United States." *See id.* § 1331.

27         Here, the Court's review of the Notice of Removal and the attached Complaint
28  makes clear that this Court does not have federal question jurisdiction over the instant

matter under 28 U.S.C. § 1441. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed.2d 318 (1987). Here, there is no federal question apparent from the face of the Complaint, which appears to allege only a simple unlawful detainer cause of action. *See Wescom Credit Union v. Dudley*, No. CV 10-8203 GAF (SSx), 2010 WL 4916578, at *2 (C. D. Cal. Nov. 22, 2010) ("An unlawful detainer action does not arise under federal law.") (citation omitted); *IndyMac Federal Bank, F.S.B. v. Ocampo*, No. EDCV 09-2337-PA (DTBx), 2010 WL 234828, at *2 (C.D. Cal. Jan. 13, 2010) (remanding an action to state court for lack of subject matter jurisdiction where plaintiff's complaint contained only an unlawful detainer claim).

There is no merit to Defendant's contention that federal question jurisdiction exists because his demurrer in superior court depends on the "determination of Defendant's rights and Plaintiff's duties under federal law." Notice of Removal at 3. Even if the Court assumes that the rights in question arise under federal law, it is well settled that a "case may not be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393, 107 S. Ct. 2425, 2430, 96 L. Ed. 318 (1987). Thus, to the extent Defendant's defenses to the unlawful detainer action are based on alleged violations of federal law, those defenses do not provide a basis for federal question jurisdiction. *See id.* Because Plaintiff's complaint does not present a federal question, either on its face or as artfully pled, the Court lacks jurisdiction under 28 U.S.C. § 1441.[2]

---

[2] Defendant does not contend that subject matter jurisdiction exists based on diversity of citizenship.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## III.

## CONCLUSION

Accordingly, IT IS ORDERED that this case is REMANDED to the Superior Court of California, County of Los Angeles, forthwith.

IT IS FURTHER ORDERED that Defendant's application to proceed in district court without prepaying fees or costs is DENIED as moot.

IT IS SO ORDERED.


DATED:  February 4, 2022

_____
MARK C. SCARSI
UNITED STATES DISTRICT JUDGE

4